Gamestown, Inc. *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Submitted on briefs October 7, 1982, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Kathryn E. Hanna Katsafanas,* Assistant City Solicitor, with her, *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*Michael J. Healey, Healey & Deasy,* for appellee.

OPINION BY JUDGE CRAIG, November 16, 1982:

The City of Pittsburgh appeals an order of the Court of Common Pleas of Allegheny County reversing the decision of the city's Zoning Board of Adjustment which denied the application of Gamestown, Inc. for a variance and special exception to use an existing building as an amusement arcade.

The common pleas court did not take additional evidence. We must decide whether the board committed an error of law or abused its discretion by denying Gamestown's application. *DiNardo v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 279, 325 A.2d 654 (1974).

Under the City's zoning ordinance, the building is located in a C-3 district, which permits an "amusement arcade" only by special exception.[1] One standard for granting such a special exception is that one off-street parking space be provided for each fifty square feet of net floor area.[2] To comply, the parties agree that Gamestown would have to provide ninety-two parking spaces, indicating a total net floor area of about 4,600 square feet as a basis for that computation.

Gamestown contends that, except for the parking requirement, it has met all of the standards for a special exception, that it is entitled to a variance from the parking requirement and, therefore, that the board erred in not granting both the variance and the special exception.

To be entitled to a variance, Gamestown had the burden of proving unnecessary hardship, which exists when, because of unique physical conditions, the property cannot be used in conformity with the ordinance.

---

[1] Ordinance Section 955.06(b)(7). The parties agree that the use proposed by Gamestown is permitted by special exception in the C-3 district.

[2] Ordinance Section 955.06(b)(7) and 909.06(b)(19)C.

*Ignelzi v. Zoning Board of Adjustment, City of Pittsburgh,* 61 Pa. Commonwealth Ct. 101, 433 A.2d 158 (1981).

Gamestown contends that requiring it to provide off-street parking would cause an unnecessary hardship in that it would prevent reasonable use of the property because the building covers the entire lot and no parking is available in the building.

However, a variance must represent the minimum departure from the ordinance that will afford relief. *See Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 188 A.2d 709 (1963).[3] Gamestown has not established that the building could not be used for uses involving much less severe departures from the off-street parking requirements. That point, as argued in the City's brief, is clearly supported by the zoning ordinance provisions; given about 4,600 square feet of floor area, a wholesale use would require only two or three parking spaces, many retail uses would require only eight or nine, and the residuary category of commercial district uses would require only four or five— all much lower than the ninety-two-space requirement as to which the trial court would grant a variance in this case.

Zoning regulations, by the degree of off-street parking required, obviously indicate a legislative judgment as to the relative nature of the use class as a traffic generator. Accepting Gamestown's point that no off-street parking whatsoever can be provided, the defect here is the failure of the record to show that the property could not be used for a permitted use which is a lesser traffic generator, thus making the needed

---

[3] Andress involved a request for a variance from the zoning ordinance of the City of Philadelphia, which was adopted pursuant to an enabling statute similar to the Act of March 31, 1927, P.L. 98, No. 69, §7, 53 P.S. §25057, which governs the City of Pittsburgh, a second class city.

off-street parking variance minimal in the circumstances.

We decide that the board did not err in denying Gamestown a parking variance and therefore also hold that the board properly denied Gamestown's application for a special exception.

Accordingly, we reverse.

### ORDER

Now, November 16, 1982, the order of the Court of Common Pleas of Allegheny County, at No. SA 607 of 1981, dated September 9, 1981, is hereby reversed.