Filberto J. Vito and Virginia J. Vito, his wife v. Zoning Hearing Board of the Borough of Whitehall et al. The Borough of Whitehall, Appellant.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*James R. Duffy,* for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, April 5, 1983:

The Borough of Whitehall has brought this appeal from a decision of the Court of Common Pleas of Allegheny County which reversed its Zoning Hearing Board's denial of a variance for the invasion of a rear yard area by an additional garage.

The appellee Vito family owns an oddly shaped corner lot. Although the zoning ordinance requires a rear yard depth of 40 feet, because of the shape of the property and a previous variance to build a screened porch, there is currently only a rear yard depth of sixteen and one-half feet. Their dwelling presently includes an integral double garage. The appellees want to build an additional twelve-by-twenty foot attached garage, which would reduce the rear yard depth to only six and one-half feet.

In reversing the board's denial of the variance request, the trial court adopted the findings of the referee, who had recommended granting the variance for two reasons: (1) two other variances had already been granted to the Vitos in the eighteen years they had owned the property,[1] and (2) the proposed garage would cause no harm to the borough or its residents.

The board had no obligation to grant a third variance merely because two had previously been granted. Just as grants of variances to one's neighbors do not, as a matter of law, furnish a property owner with any legal justification for a variance, previous variances do not oblige the board to grant yet another. Each must be judged on its own merits. *Drop v. Board of Adjustment*, 6 Pa. Commonwealth Ct. 64, 293 A.2d 144 (1972); *Christner v. Zoning Board of the Borough of Mount Pleasant*, 40 Pa. Commonwealth Ct. 87, 397 A. 2d 30 (1979).

A party seeking a variance must meet the threshold requirement of demonstrating that the zoning ordinance imposes an unnecessary hardship[2] stemming from unique circumstances of the property.

The record does not indicate the requisite hardship. Here the trial court, by adopting the referee's decision, balanced the interests of the community and the owners; however, the balancing test is not a proper one. The correct test in this type of case is not whether the proposed use is a more desirable use than the use permitted but rather whether

---

[1] In the words of the referee:

If reasons that were good enough twice before, and are still good and valid reasons, they ought to be so recognized again, for what they are, even if it is the third time. . . . The Vito's needs and desires were properly accorded reasonable treatment before. Why not again? (Referee's decision pp. 6-7).

[2] Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

the property can be used in a reasonable manner within the restrictions of the ordinance. *Radnor Township v. Falcone,* 16 Pa. Commonwealth Ct. 283 at 289, 328 A.2d 216 at 219 (1974).

Clearly, the property is fully usable in its present condition. *See also Gamestown v. Zoning Board of Adjustment of the City of Pittsburgh,* 70 Pa. Commonwealth Ct. 59, 452 A.2d 584 (1982), where we held that an applicant was not entitled to a variance changing the number of parking spaces required for the proposed use because the applicant had not demonstrated that its property could not be used for uses involving much less severe departures from the ordinance requirements; and *Hipwell Manufacturing Company v. Zoning Board of Adjustment of the City of Pittsburgh,* 70 Pa. Commonwealth Ct. 83, 452 A.2d 605 (1982), where we held that a board erred as a matter of law in concluding that unnecessary hardship existed when there was no evidence that the property could not be used for a use involving less drastic changes than the proposed variance would allow.

The Vitos presently have the existing two-car garage in which to park their vehicles. Because there is no hardship in the legal sense, we must conclude that the trial court erred as a matter of law in ordering the variance to be granted.[3]

## Order

Now, April 5, 1983, the order of the Court of Common Pleas of Allegheny County, dated August 11, 1982, reversing the decision of the Zoning Hearing Board of the Borough of Whitehall and sustaining the

---

[3] Where the trial court has taken additional evidence, as was done here by the court-appointed referee, our scope of review is whether the trial court abused its discretion or committed an error of law. *Seltzer v. Zoning Board of Adjustment of the City of Pittsburgh,* 39 Pa. Commonwealth Ct. 520, 395 A.2d 1041 (1979).

appeal of Filberto J. Vito and Virginia J. Vito, his wife, is hereby reversed, and the decision of the board denying the variance application of Filberto J. Vito and Virginia J. Vito, his wife, is hereby reinstated.