# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pequea Township, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 204 C.D. 2017 |
| | : | |
| Zoning Hearing Board | : | Argued: September 14, 2017 |
| of Pequea Township | : | |
| | : | |
| v. | : | |
| | : | |
| Thomas W. Schelling | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: January 8, 2018

Pequea Township (Township) appeals from the January 17, 2017, order of the Court of Common Pleas of Lancaster County which affirmed the decision of the Zoning Hearing Board of Pequea Township (Board) granting a variance to Thomas W. Schelling (Applicant) from the maximum height restriction applicable to accessory structures, thereby allowing Applicant to construct a second floor addition over Applicant's garage to accommodate overnight guests.

Applicant owns property located at 330 Baumgardner Road in the Township (Property). The Property is located in the Agricultural District and contains a principal residence and a garage, which is an accessory structure. In

March 2016, Applicant began construction on a second floor addition over the detached garage for the purpose of accommodating overnight guests. On April 22, 2016, Applicant received a Notice of Violation for enlarging and altering an existing structure without a building permit. On May 2, 2016, Applicant submitted a building permit application to the Township and sought a variance from article 14, section 1403.11.A.1.b of the Pequea Township Zoning Ordinance of 2015 (Ordinance), which limits the maximum height of an accessory structure to 20 feet. Applicant sought to vary the height to 28 feet, or a 40% deviation.

Subsequently, a hearing was held before the Board. At the hearing, Applicant testified that he wanted to add second floor living space above his garage to accommodate overnight guests. Applicant testified that prior to beginning construction, he contacted the Township's Zoning Officer, Solanco Engineering (Zoning Officer), to inquire about a building permit. He was advised that because he was not changing the existing footprint of the current structure and was only building up, no permit was required. Applicant further testified that building on top of his existing garage was his only option due to spatial constraints presented by an in-ground pool to the rear of the garage and the setback requirement to the side of the garage. Applicant also testified that when he received the Notice of Violation, the second floor was already on and the trusses were set. The Board questioned Applicant as to whether the design could be altered so that the structure would comply with the Ordinance's height restriction, assuming construction had not begun. Applicant indicated that such a design would be inadequate to handle water run-off.

2

A representative from the Zoning Officer also testified. She stated that she did not recall speaking with Applicant, and she was not certain whether Applicant was or was not advised that he did not need a building permit.

Applicant's two neighbors also testified that they did not object to the construction. There was also testimony that other structures in the area exceeded 28 feet in height.

The Board granted the variance, and subsequently issued a written decision. The Board concluded that the variance was *de minimis* because it did not increase the burden on the land or the use of the Property, nor would it detract from the character or nature of the neighborhood. The Board was persuaded that the addition would render an aesthetically pleasing structure and would allow for adequate run-off and that the adjoining landowners had no objection. The Board was also persuaded by the evidence that there are several barns and other structures in the neighborhood that exceed 20 feet in height. (Board's decision at 5, Conclusions of Law (C.L) No. 5.)

The Board further determined that, even if the variance was not *de minimis*, Applicant was entitled to a variance under the relaxed standard set forth in *Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, 721 A.2d 43 (Pa. 1998). The Board concluded that Applicant was entitled to a variance because he could not conform to the Ordinance without undue financial hardship. The Board credited Applicant's testimony that he relied on the Zoning Officer's advice that no permit was necessary and that he incurred expense in proceeding with the project before receiving notice of a violation. The Board concluded that Applicant relied to his detriment on the Zoning Officer's advice and proceeded with the project, incurring expense, in good faith. The Board determined that, consequently, the

3

financial hardship was not self-created and supported the grant of the variance. The Board noted that no permit was issued here; nonetheless, the Board considered the situation to be "substantially similar" to cases where an owner incurs major costs in reliance on a permit and acquires vested rights to complete the project. (Board's decision at 5; C.L. Nos. 6-8.)

The Township appealed to the trial court. By order and opinion dated January 17, 2017, the trial court affirmed the Board's decision, concluding that the Board did not err in granting Applicant a variance on the grounds that it was *de minimis*. Because of its disposition, the trial court declined to address the Township's alternative argument concerning the traditional hardship factors required for a dimensional variance. In response to the Township's Pa.R.A.P. 1925(b) concise statement of errors, the trial court issued a supplemental opinion on April 6, 2017, which addressed the hardship factors and determined that the Board's decision was based on substantial evidence.

The Township now appeals to this Court.[1] Before this Court, the Township argues that the trial court erred in affirming the Board's determination that the variance was *de minimis* and that Applicant met the traditional factors for a dimensional variance, in particular, that Applicant established unnecessary hardship.

---

[1] Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the Board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

4

## De Minimis Doctrine

"The *de minimis* doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear." *Swemley v. Zoning Hearing Board of Windsor Township*, 698 A.2d 160, 162 (Pa. Cmwlth. 1997) (quoting *King v. Zoning Hearing Board of the Borough of Nazareth*, 463 A.2d 505, 505 (Pa. Cmwlth. 1983)). "This exception may be applied where (1) only a minor deviation from the zoning ordinance is sought and (2) rigid compliance with the ordinance is not necessary for the preservation of the public interests sought to be protected by the ordinance." *Id.* "The determination of whether or not the *de minimis* doctrine applies requires careful consideration of both of these factors." *Id.* Where the *de minimis* doctrine applies, there is no need to resort to any other theory of relief. *Nettleton v. Zoning Board of Adjustment of City of Pittsburgh*, 828 A.2d 1033 (Pa. 2003).

The Township argues that the Board and the trial court erroneously focused only on the public interest factor and ignored the fact that Applicant must also establish that a 40% deviation is minor. The Township argues that a 40% deviation is not *de minimis*. The Township also argues that the public interest is not furthered by the proposed addition, pointing out that the Property is a conforming parcel and seeks to become non-conforming.

Applicant and the Board (together, Appellees) argue that there is no precise percentage for establishing what constitutes a *de minimis* variance. They contend that the size of the deviation is but one prong of the test and equally important is whether rigid compliance with the Ordinance is necessary to protect the public interest. In that regard, they contend that the Board appropriately considered features such as the character of the neighborhood, noting other structures exceed 28

5

feet, and the adequacy of the roof design to handle water run-off. They also argue that there was no evidence regarding the precise public interest served by the height limitation in the Ordinance.

"There are no set criteria for determining what will be considered *de minimis*." *Hawk v. City of Pittsburgh Zoning Board of Adjustment*, 38 A.3d 1061, 1066 (Pa. Cmwlth. 2012). "Instead, the grant of a *de minimis* variance depends upon the circumstances of each case." *Id*. This Court has stated that "the decision of whether to grant a *de minimis* variance is left to the discretion of the local zoning board." *Alpine, Inc. v. Abington Township Zoning Hearing Board*, 654 A.2d 186, 191 (Pa. Cmwlth. 1995). However, in applying the *de minimis* doctrine, "we must be mindful that zoning boards and courts function, *inter alia*, to enforce zoning ordinances in accordance with applicable law; not to impose their concepts of what the ordinance ought to be." *Leonard v. Zoning Hearing Board of City of Bethlehem*, 583 A.2d 11, 13 (Pa. Cmwlth. 1990); *see also Dunn v. Middletown Township Zoning Hearing Board*, 143 A.3d 494 (Pa. Cmwlth. 2016). We must also be mindful that the *de minimis* doctrine is an extremely narrow exception to the heavy burden of proof that a party seeking a variance must normally bear. *Leonard*, 583 A.2d at 13.

In affirming the Board's decision that the variance was *de minimis*, the trial court relied on *West Bradford Township v. Evans*, 384 A.2d 1382 (Pa. Cmwlth. 1978), in which this Court upheld the grant of variances for deviations that were 50% and 65% above the requirement in the zoning ordinance. However, *West Bradford Township* is distinguishable. In that case, the subdivision of property would have merely intensified what appeared to be a pre-existing non-conformity. *See West Bradford Township*, 384 A.2d at 1383; *see also Dunn*, 143 A.3d at 507 (discussing *West Bradford Township*). Here, the construction of the second floor

6

would create the non-conformity.[2] Additionally, the lot in *West Bradford Township* was irregularly shaped, and there were no findings, nor was there any evidence in this case, that Applicant's Property has similar topographical limitations. Lastly, in *West Bradford Township*, this Court emphasized that it was a "rather unique case." 384 A.2d at 1384. The unique circumstances that were present in *West Bradford Township* are not present here so as to justify a departure from the well-established burden of proof customarily carried by a party seeking a variance. *See Leonard*. Further, the fact that there was no evidence to establish the precise public interest served by the height limitation is not fatal to the Township's position. The burden here was on the Applicant, not the Township.[3] *See Swemley*.

Nevertheless, it is unclear whether the presence of other structures in excess of 28 feet sufficiently establishes that the variance Applicant seeks is *de minimis*. *See Leonard* (stating that the fact that some lots in the neighborhood did not comply with the ordinance's requirements was not sufficient to establish entitlement to a variance); *see also Braccia v. Township of Upper Moreland Zoning Hearing Board*, 327 A.2d 886 (Pa. Cmwlth. 1974) (upholding the denial of a variance despite the fact that only 2 of 25 parking lots complied with the parking space dimensions required under the zoning regulations); *Campbell v. Ughes*, 298 A.2d 690 (Pa. Cmwlth. 1972) (reversing the grant of a variance from an 85-foot lot width requirement despite evidence that 16 of 24 lots in the block had widths of less than 85 feet). Notably, the Board made no findings as to whether those other

---

[2] Applicant testified that the original height of the garage was nine feet. (R.R. at 222a.)

[3] The Ordinance is not being challenged, and even when presented with a challenge, the reviewing court presumes the ordinance is valid. *Boundary Drive Assocs. v. Shrewsbury Township Board of Supervisors*, 491 A.2d 86, 90 (Pa. 1985).

7

structures were accessory structures or whether they were legal, pre-existing non-conforming structures.[4]  Additionally, during argument before this Court, Applicant asserted that the Ordinance permitted attached garages to reach a height of 35 feet, while at the same time limiting detached garages such as his to a height of 20 feet. Given the Board's lack of findings with respect to the other structures that it referenced in support of its decision, as well as the lack of any findings regarding the inconsistent height limitations noted above and the proximity of Applicant's garage to his principal house, the matter must be remanded to the Board for specific findings in this regard.[5]

## Dimensional Variance

We now turn to the question of whether Applicant met its burden of establishing the elements for a dimensional variance.

The Pennsylvania Municipalities Planning Code[6] (MPC) provides that a zoning board may grant a variance where it finds the applicant has established *all* of the following conditions:   (1) there are unique physical circumstances or conditions peculiar to the property that impose an unnecessary hardship; (2) because

---

[4] It appears from the record that the structures may pre-date the current Ordinance and that at least some of the structures may be principal structures and not accessory structures.  (*See* R.R. at 254a-58a, 279a.)

[5] We note that absent unique circumstances, we must decline to establish law that a 40% deviation is *de minimis*.  *See Swemley* (holding that a 34% deviation was not *de minimis* as a matter of law); *Leonard* (holding that a 6.25% deviation was not *de minimis* as a matter of law absent unique circumstances); *Hirsch v. Zoning Hearing Board of Borough of Fox Chapel*, 641 A.2d 32 (Pa. Cmwlth. 1994) (affirming the trial court's reversal of the zoning board's decision to grant a *de minimis* variance on the grounds that a 22% deviation was not  *de minimis* based on legal precedent).

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

of such unique physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the zoning ordinance and that the variance is therefore necessary to enable the reasonable use of the property; (3) such unnecessary hardship has not been created by applicant; (4) the variance will not alter the essential character of the neighborhood; and (5) the variance represents the minimum variance that will afford relief. Section 910.2 of the MPC, added by the Act of December 21, 1998, P.L. 1329, 53 P.S. §10910.2.

The Township argues that the Board and the trial court supplanted the requirements for a variance as set forth in the MPC and that the Board crafted its own standard for a variance. Pointing to the Chairperson's statement just before voting on the variance, (R.R. at 278a-79a), the Township maintains that the Board's decision to grant the variance based on the surrounding structures and lack of objection by the neighbors undermines the purpose of zoning regulations. The Township also argues that the Board failed to apply the required factors for a variance under the MPC and failed to make a finding as to unnecessary hardship. The Township argues that the lack of living space is not a hardship. The Township argues that the unnecessary hardship must relate to the physical characteristics of the land, except in narrow circumstances where the use of the property is possible only through extensive reconstruction, which is not the case here. The Township points out that the Property is a conforming parcel, and argues that the Property is being used in compliance with zoning ordinance.

The Township maintains that the Board's failure to address whether the variance was necessary for the reasonable use of the land is an error of law. The Township maintains that, here, it is the person, not the Property, that is subject to the hardship. The Township also argues that, despite the Board's credibility

9

determination that Applicant relied on the conversation with the Zoning Officer, the Board's decision is not supported by substantial evidence because the record is devoid of any evidence pertaining to actual monetary consequences or financial detriment. The Township also argues that the trial court's determination that the requested relief is the minimum required in order to adequately handle run-off does not justify the relief granted because this assumes Applicant is entitled to the second floor addition.

On the other hand, Appellees argue that substantial evidence supports the Board's determination, in particular that Applicant will sustain unnecessary hardship if the variance is denied and that the variance is in accordance with the character of the neighborhood and that the hardship is not self-imposed. Appellees argue that under *Hertzberg*, unnecessary hardship to support a variance can be strictly financial. Appellees point out that the Board, in its discretion, credited Applicant's testimony that he relied on the Zoning Officer's advice. Appellees point out that Applicant testified that he was "far into the project" and maintain that the financial hardship if he must deconstruct the project is obvious. Appellees argue that findings amply supported by the record must be given deference, particularly the determination that Applicant satisfied the unnecessary hardship criterion.

Where, as here, we are faced with a dimensional variance, our Supreme Court has articulated a more relaxed standard for granting a variance. Under this relaxed standard, when addressing the element of unnecessary hardship, "[c]ourts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg*, 721 A.2d at 50.

10

Although *Hertzberg* eased the requirements for a variance, it did not remove them. *Tidd v. Lower Saucon Township Zoning Hearing Board*, 118 A.3d 1 (Pa. Cmwlth. 2015). Moreover, despite a more relaxed standard, it is still the case that "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Philadelphia Zoning Board of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011).

Although *Hertzberg* sets forth a more relaxed standard for a dimensional variance, it does *not* stand for the proposition that "a variance must be granted from a dimensional requirement that prevents or financially burdens a property owner's ability to employ his property *exactly as he wishes*, so long as the use itself is permitted." *Yeager v. Zoning Hearing Board of the City of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis in original); *see also Singer* (quoting *Yeager*). Additionally, it has been the law of this Commonwealth that the mere desire for more space does not establish the requisite unnecessary hardship for a variance. *See Larsen v. Zoning Board of Adjustment of City of Pittsburgh*, 672 A.2d 286, 290 (Pa. 1996) (ruling that the zoning board erred as a matter of law in granting a dimensional variance where the applicants sought a variance to construct a 400-square foot deck in order to provide a play area for their child, because the "mere desire to provide more room for a family member's enjoyment fails to constitute the type of 'unnecessary hardship' required by the law of this Commonwealth"); *see also McClintock v. Zoning Hearing Board of Fairview Borough*, 545 A.2d 470 (Pa. Cmwlth. 1988) (denying a dimensional variance where the property could be used for a one-car garage instead of a two-car garage); *Vito v. Zoning Hearing Board of Borough of Whitehall*, 458 A.2d 620 (Pa. Cmwlth. 1983)

11

(finding no hardship to grant a dimensional variance to build an addition to an existing two-car garage where the property was useable in its present condition).

Here, Applicant seeks the variance in order to add second floor living space to the garage to accommodate overnight guests. (F.F. No. 9.) The desire to provide more living space fails to constitute the type of 'unnecessary hardship' required by the law of this Commonwealth. *See Larsen*; *see also McClintock*; *Vito*.

Nonetheless, relying on *Hertzberg*, the Board found that Applicant established the requisite hardship because he cannot conform to the Zoning Ordinance without undue financial hardship. The Board noted that Applicant reasonably relied on the Zoning Officer's advice that a permit was not needed and incurred expense in proceeding with the project before receiving the Notice of Violation. The Board acknowledged that no permit was issued but, relying on the Zoning Officer's advice and the fact that Applicant incurred expense in good faith reliance on that advice, considered this situation to be "substantially similar" to cases where the owner incurs major costs in reliance on a permit and acquires "vested rights" to complete construction of the building. (Board's decision at 5.)

We acknowledge that, while "unnecessary hardship usually relates to the physical characteristics of the land, at times, the unnecessary hardship can relate to the building itself."[7] *Wagner v. City of Erie Zoning Hearing Board*, 675 A.2d 791, 799 (Pa. Cmwlth. 1996); *see also Hertzberg*, 721 A.2d at 49 (*quoting Wagner*). However, in *Hertzberg* and similar cases where the hardship related to the building

_____

[7] The Board found that the location of the pool restricts Applicant from adding on to the first floor of the garage. (F.F. No. 21.) However, in discussing the dimensional variance, the Board makes no mention of this. In any event, this would not constitute a unique physical condition of the Property constituting a hardship. Usually, the unnecessary hardship relates to the physical characteristics of the land itself. *Wagner v. City of Erie Zoning Hearing Board*, 675 A.2d 791, 799 (Pa. Cmwlth. 1996).

12

itself and there was undue financial burden on the applicants to bring the structure into conformance with the applicable zoning ordinances, the structure was blighted or a legal non-conforming use. *See*, *e.g.*, *Marshall v. City of Philadelphia*, 97 A.3d 323, 332 (Pa. 2014) (seeking to convert a vacant century-old school into an apartment complex for low income senior citizens where property could be conformed for a permitted use only at prohibitive expense); *Hertzberg* (seeking to renovate a vacant property in a blighted area); *Wagner* (seeking variance for vacant building). Additionally and notably, the expense associated with the extensive reconstruction or demolition of the building was required in order to make use of the property *in conformance* with the zoning code. *See Wagner; see also Marshall*, *Hertzberg*. In other words, unless the variances were granted, the applicants would not have been able to make reasonable use of the property without undue financial burden. Those circumstances are not present here.

As the Township points out, Applicant does not need the variance to construct the second floor addition on the garage in order to make reasonable use of the Property, as he is already doing so. Indeed, Applicant's Property is improved with, among other things, a principal residence and a garage. (F.F. No. 2.) Because the variance is not necessary to enable Applicant to pursue the reasonable use of the Property, Applicant has not met his burden to establish that he is entitled to a variance. *See* 53 P.S. §10910.2, *Yeager*. The failure of the Board to consider and address this requirement for a variance constitutes legal error. *See Larsen*, 672 A.2d at 289-90 (stating the failure of a zoning board to consider each requirement of a zoning ordinance prior to granting a variance is an error of law).

Additionally, in reasoning that this case is similar to those involving "vested rights," the Board has incorporated a new standard into the requirements for

13

a variance under the MPC, and in particular, under the hardship requirement. While we must accept that the Board credited Applicant's testimony that he relied on the Zoning Officer's advice and incurred expense in doing so, neither the MPC nor case law provides that such reliance constitutes an unnecessary hardship. The concept of a "vested right" is a legal theory separate from that of unnecessary hardship justifying a variance. *See* ROBERT S. RYAN, PENNSYLVANIA ZONING LAW AND PRACTICE, §8.1.1 (using the term "vested right" to describe any claim that the landowner is entitled to operate a use or erect or maintain a building which violates a valid zoning regulation which is existing or in the process of enactment where the owner cannot show either unnecessary hardship justifying a variance or protected status as a nonconforming use). Thus, this analogy is inapposite, and the Board erred as a matter of law in applying it. This is an unfortunate situation; however, in the absence of statutory authority in the MPC or case law precedent, we cannot conclude that good faith reliance on Zoning Officer's advice under the circumstances here constitutes unnecessary hardship. To do so would have the effect of elevating and equating informal advice to official action, which is the case when a permit is issued by the municipality.

Moreover, the Board's reasoning is based on the fact that the Applicant has incurred financial hardship in reliance on the Zoning Officer's advice, or in other words, the expenses incurred by the Applicant in building the structure to date. However, a variance "is appropriate only where the *property*, not the person, is subject to hardship." *Yeager*, 779 A.2d at 598 (internal quotation marks and citation omitted, emphasis in original). Additionally, *Hertzberg* and related cases consider the cost **to conform** to the zoning ordinance. Given the situation, to now "conform" to the Zoning Ordinance would apparently require expense, as it seemingly would

14

require some type of renovation or demolition. However, as the Township points out, Applicant presented no evidence regarding the financial aspects of the renovation and the actual monetary consequences. For example, there was no evidence concerning the financial aspects incurred to date, the financial aspects to bring the structure back into compliance, or the relationship of the cost to complete the project versus the cost to bring the structure back into compliance. Thus, we must agree with the Township that the Board's determination of financial hardship is not based on substantial evidence in the record. Hence, to the extent that the trial court affirmed the Board's order on the basis that Applicant met the requirements for a dimensional variance, the trial court's order is reversed.

Accordingly, the order of the trial court is reversed in part, and vacated and remanded in part, consistent with this opinion.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pequea Township,      :
     Appellant   :
            :
    v.       : No. 204 C.D. 2017
            :
Zoning Hearing Board    :
of Pequea Township     :
            :
    v.       :
            :
Thomas W. Schelling    :

## ***ORDER***

   AND NOW, this 8th day of January, 2018, the January 17, 2017 order of the Court of Common Pleas of Lancaster County (trial court), to the extent that it affirmed the determination of the Zoning Hearing Board of Pequea Township (Board) granting a *de minimis* variance, is vacated, and the matter is remanded to the trial court, with specific instruction to remand to the Board, for further findings consistent with this opinion. However, the trial court's order, to the extent that it affirmed the Board's order on the basis that Thomas W. Schelling met the requirements for a dimensional variance, is reversed.

   Jurisdiction relinquished.


            _____
            PATRICIA A. McCULLOUGH, Judge