Stephen Selvaggio and   :
Teresa Selvaggio,     :
      Appellants  :
           :
    v.      :
           :
Palmer Township Zoning  :
Hearing Board and Nicholas : No. 1867 C.D. 2017
Pugliese and N. Pugliese, Inc. : Argued: September 18, 2018


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ROBERT SIMPSON, Judge (P.)
      HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: October 11, 2018


    Stephen and Teresa Selvaggio (Applicants) appeal from the Northampton County Common Pleas Court's (trial court) November 15, 2017 order denying Applicants' appeal from the Palmer Township Zoning Hearing Board's (ZHB) decision. The sole issue presented by the Applicants is whether the ZHB properly determined that Applicants' requested variance was a use variance, thereby requiring heightened scrutiny. After review, we affirm.

    On or about February 14, 2017, Applicants submitted a Zoning Hearing Application (Application) concerning property located at 3106-3142 William Penn Highway, Palmer Township, Northampton County, Pennsylvania (Property). The Property comprises two parcels. The western parcel (Tract 1) is developed and consists of a shopping center known as the Rosemont Shopping Center. Tract 2 had been previously developed as a retail establishment, but all improvements were razed

approximately 13 years ago.[1]  It is now a vacant lot.  There is a common boundary line between Tracts 1 and 2, which also acts as a zoning line.  Tract 1 is zoned General Commercial (GC) and Tract 2 is zoned High Density Residential (HDR).  Both lots are also included in the William Penn Highway Overlay District (Overlay District).  In their Application, Applicants proposed to combine the two tracts into one parcel, permitting the site to be developed as one homogenous development, using the same access to William Penn Highway, shared parking and shared utilities.

Applicants sought four variances from the Palmer Township Zoning Ordinance (Ordinance): (1) a variance from Section 190-262.B(1.) of the Ordinance which limits ground floor commercial to 1,500 square feet.  Applicants' proposed layout consisted of 3,500 square feet over the two tracts, of which 2,340 square feet ground commercial would be in the HDR District; (2) a variance from Section 190-168.G(3) of the Ordinance which requires parking spaces to be set back ten feet from a non-residential principal building.  Applicants' proposed layout provided for a five-foot setback between the proposed principal building and the parking area; (3) a variance from Section 190-265.A(1)(b) of the Ordinance which requires a 20-foot rear yard buffer.  Applicants' proposed configuration provided for a 13-foot rear yard buffer; and (4) a variance from Section 190-53.B of the Ordinance which provides for a maximum impervious coverage in the HDR District at 70% and a minimum landscape coverage of 30%.  Applicants' proposed layout in the HDR District was 78.9% for impervious coverage and 21.1% for landscaping.

The ZHB conducted a hearing on April 4, 2017.  By April 13, 2017 letter opinion (ZHB Decision), the ZHB granted Applicants' variance requests concerning Section 190-168.G(3) of the Ordinance (parking spaces); Section 190-265.A(1)(b) of

---

[1] The deeds reflect that Applicants purchased the properties in June of 1999 and March of 2000, respectively.  Applicants' Application indicates that Applicants attempted to develop the Property over ten years ago and submitted a prior Land Development Application to Palmer Township in 2006, which Applicants ultimately withdrew.

2

the Ordinance (rear yard buffer); and Section 190-53.B of the Ordinance (impervious coverage and minimum landscape coverage). The ZHB denied Applicants' variance request for relief from Section 190-262.B(l.) of the Ordinance concerning ground floor commercial space not exceeding 1,500 square feet. Applicants appealed from the ZHB's Decision to the trial court. On November 15, 2017, the trial court, without taking additional evidence, denied Applicants' appeal. Applicants appealed to this Court.[2]

Applicants argue that the ZHB erred by classifying the variance request for relief from Section 190-262.B(l.) of the Ordinance concerning ground floor commercial space not exceeding 1,500 square feet as a use variance requiring heightened scrutiny. Section 190-262 of the Ordinance provides:

**Permitted by right uses.**

A. Uses shall be permitted in the . . . Overlay District as defined within the respective base zoning districts.

B. Additional uses permitted by right within the boundaries of the . . . Overlay District shall include:

---

[2] In an appeal from a trial court's order affirming a decision of a zoning hearing board, where the trial court takes no additional evidence, our review is limited to considering whether the zoning hearing board abused its discretion or erred as a matter of law. The zoning hearing board abuses its discretion when it issues findings of fact that are not supported by substantial record evidence:

> Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The [z]oning [h]earing [b]oard as fact finder is the ultimate judge of credibility and resolves all conflicts in the evidence. If the [z]oning [h]earing [b]oard's findings of fact are based upon substantial evidence, those findings of fact are binding upon this Court for purposes of appellate review.

*Eichlin v. Zoning Hearing Bd. of New Hope Borough,* 671 A.2d 1173, 1175 (Pa. Cmwlth. 1996).
*In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237-38 (Pa. Cmwlth. 2014) (citation omitted).

(1) Buildings containing commercial and/or office uses on the ground floor and residential and/or office uses on the upper floors. **Ground floor commercial uses shall be limited to 1,500 square feet**.

Supplemental Reproduced Record (S.R.R.) at 20b (text emphasis added). Although "[b]uildings containing commercial and/or office uses on the ground floor and residential and/or office uses on the upper floors[]" are permitted in the Overlay District, they are restricted to a 1,500 square foot limit for ground floor commercial uses. S.R.R. at 20b. Here, the portion of the Property in the HDR District is 840 square feet over the 1,500 square foot maximum. Thus, the need for the variance.

This Court has explained:

A ZHB may grant a variance when the following criteria are met:

(1) an unnecessary hardship will result if the variance is denied, due to the unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Taliaferro* [*v. Darby Twp. Zoning Hearing Bd.*]*,* 873 A.2d [807,] 811–12 [(Pa. Cmwlth. 2005)].

**A dimensional variance involves a request to adjust zoning regulations to use the property in a manner consistent with regulations, whereas a use variance involves a request to use property in a manner that is wholly outside zoning regulations**. *Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh, . . .* 721 A.2d 43 ([Pa.] 1998). **The same criteria apply to use and dimensional variances**. *Id.* However, in *Hertzberg,* our

4

> Supreme Court set forth **a more relaxed standard for establishing unnecessary hardship for a dimensional variance**, as opposed to a use variance.

*Tri-Cty. Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 520 (Pa. Cmwlth. 2014) (emphasis added).

> Here, the ZHB found

> that the variance being sought by the Applicants from Section 190-262.B [of the Ordinance] is akin to a use variance and that by granting such a variance the [ZHB] would be allowing the Applicants to undertake a commercial use in an HDR District which under the current terms of the [O]rdinance is prohibited based upon the maximum allowable square footage of 1,500 square feet.

ZHB Decision at 7, Finding of Fact 42. Applicants assert that because they are seeking an increase in footprint size, their request is for a dimensional variance.[3] While this Court may agree with Applicants that they are requesting a dimensional variance, this does not end our inquiry. The law is well-settled that with respect to a dimensional variance,

> [a]lthough *Hertzberg* eased the requirements for a [dimensional] variance, it did not remove them. Moreover, despite a more relaxed standard, it is still the case that '[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling.' *Singer v. Phila*[.] *Zoning* [*Bd.*] *of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011).

*Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 507 (Pa. Cmwlth. 2018) (citation omitted). Thus, we must determine whether Applicants have

---

[3] This statement is the entirety of Applicants' argument on this issue. *See* Applicants' Br. at 9. The remainder of Applicants' brief discusses the alleged basis for granting the requested variance.

met the relaxed standard for establishing hardship, as well as the other criteria as set forth in Section 190-215.E(3)(b) of the Ordinance.

Section 190-215.E(3)(b) of the Ordinance provides:

Standards. The [ZHB] may grant a variance only within the limitations of state law. (As of 1993, the Municipalities Planning Code [(MPC)[4]] provided that **all of the following findings must be made**, where relevant:

[1] There are unique physical circumstances or conditions (including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property) and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

[2] Because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the [] [O]rdinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

[3] Such unnecessary hardship has not been created by the appellant.

[4] The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

[5] The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Original Record at B-2 (emphasis added); *see also* Section 910.2(a) of the MPC, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a). With respect to the above criteria, the ZHB stated:

---

[4] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101-11202.

6

44. The [ZHB] finds that the Applicants failed to produce evidence to show that because of any unique physical circumstances of the [P]roperty that the [P]roperty could not be developed either in accordance with the permitted use [S]ection under Section 190-48 [of the Ordinance[5]] or not meet the maximum square footage for a commercial use within an HDR District.

45. The [ZHB] further finds that there was no evidence provided that the [P]roperty could not be developed in strict conformity with the provisions of the . . . [O]rdinance in order for reasonable use of the [P]roperty to occur because of any such physical circumstances or conditions.

46. The [ZHB] finds that no hardship was shown to exist upon the [P]roperty to be developed within the parameters of the . . . [O]rdinance.

47. Moreover, the [ZHB] finds that the variance, if authorized, would create a larger general commercial area within an HDR District in close proximity to residential dwellings that could have detrimental impact on said residents' use.

48. Finally, the [ZHB] finds that the variance, if authorized, does not represent the minimum variance that will afford relief and represent the least modification possible of the regulation at issue.

49. Indeed, the plans of the Applicants show that the overall general commercial floor space that the Applicants seek is

---

[5] Section 190-48 of the Ordinance provides:
Permitted by right uses. [Amended 2-15-2000 by Ord. No. 282]
A. The following uses in the HDR District shall be permitted with or without central water and sewer services, within the requirements of Article XX:
**Single-family detached dwelling**.
Crop farming and orchard.
Nature preserve.
Golf course.*
Publicly owned recreation or Township-owned facility.
Place of worship,* with a minimum lot area of two acres.
Forestry. [Added 2-19-2001 by Ord. No. 2001-299]
S.R.R. at 13b (emphasis added).

3,500 square feet with 2,340 being in the HDR District. The [ZHB] finds that no showing was made by the Applicants that they could not reconfigure their building and place more square footage in the general commercial end of the tract, thereby reducing the square footage within the HDR portion.

ZHB Decision at 7-8.

Applicants presented Daniel Witczak (Witczak), a professional engineer with Acela Engineering, who testified with respect to the permitted uses in the HDR District:

[Q.] In your opinion as a professional engineer, is that [P]roperty there suitable for development with a single-family detached dwelling?

A. From a practical side, you could probably make that work.

Reproduced Record (R.R.) at 16a. This testimony alone supports the ZHB's finding of fact 44. Concerning the hardship, Witczak further explained:

I do want to say what we did is we took this building, the proposed building, and shifted it as far as we could to the west, trying to minimize the amount of the building in the [Overlay D]istrict -- excuse me -- in the HDR [D]istrict and put as much of that building as we could in the [GC District].

R.R. at 35a-36a.

This Court has held:

Although *Hertzberg* sets forth a more relaxed standard for a dimensional variance, it does *not* stand for the proposition that 'a variance must be granted from a dimensional requirement that prevents or financially burdens a property owner's ability to employ his property *exactly as he wishes*, so long as the use itself is permitted.' *Yeager v. Zoning Hearing [Bd.] of the City of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis in original); *see also Singer* (quoting *Yeager*). Additionally, it has been the law of this Commonwealth that the mere desire for more space does

8

not establish the requisite unnecessary hardship for a variance. *See Larsen v. Zoning* [*Bd.*] *of Adjustment of City of Pittsburgh*, . . . 672 A.2d 286, 290 ([Pa.] 1996) (ruling that the zoning board erred as a matter of law in granting a dimensional variance where the applicants sought a variance to construct a 400-square foot deck in order to provide a play area for their child, because the 'mere desire to provide more room for a family member's enjoyment fails to constitute the type of 'unnecessary hardship' required by the law of this Commonwealth'); *see also McClintock v. Zoning Hearing* [*Bd.*] *of Fairview Borough*, . . . 545 A.2d 470 ([Pa. Cmwlth.] 1988) (denying a dimensional variance where the property could be used for a one-car garage instead of a two-car garage); *Vito v. Zoning Hearing* [*Bd.*] *of Borough of Whitehall*, . . . 458 A.2d 620 ([Pa. Cmwlth.] 1983) (finding no hardship to grant a dimensional variance to build an addition to an existing two-car garage where the property was useable in its present condition).

*Pequea Twp.*, 180 A.3d at 507-08.

In the instant case, Witczak described how the parcel's irregularity affected the placement of the parking spaces and buffer, as well as the amount of impervious coverage. Witczak also discussed why a residential townhouse or apartment complex would be affected by the Property's physical location, *i.e.*, with respect to the insertion of a driveway. However, he provided no "substantial, serious and compelling" reasons for granting the variance from Section 190-262.B(1.) of the Ordinance which limits ground floor commercial to 1,500 square feet. *Pequea Twp.*, 180 A.3d at 507. Witczak did not attest, nor attempt to explain, how the Property's physical circumstances or conditions prevented the building from being constructed within the permitted square footage or at the very least why the additional 840 square feet was necessary. For this reason, notwithstanding whether the variance is a use variance or a dimensional variance, Applicants did not meet their "heavy" burden to show the variance from Section 190-262.B(1.) of the Ordinance should be granted.

9

*Id.* Accordingly, the ZHB did not abuse its discretion or err as a matter of law in denying Applicants' requested variance therefrom.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Selvaggio and     :
Teresa Selvaggio,      :
     Appellants :
            :
      v.     :
            :
Palmer Township Zoning    :
Hearing Board and Nicholas   :  No. 1867 C.D. 2017
Pugliese and N. Pugliese, Inc.  :

## O R D E R

AND NOW, this 11th day of October, 2018, the Northampton County Common Pleas Court's November 15, 2017 order is affirmed.


          _____
          ANNE E. COVEY, Judge