# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Milner                 :

                        :

           v.                 :    No. 62 C.D. 2019

                        :    ARGUED:  November 12, 2019

Bristol Township Zoning      :

Hearing Board              :

                        :

Appeal of: Lawrence P. Warren    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  December 12, 2019**


Lawrence P. Warren (Applicant) appeals from an order of the Court of Common Pleas of Bucks County (trial court) reversing the decision of the Bristol Township Zoning Hearing Board (ZHB) to grant his 2015 application for dimensional variances for construction of a 20-by-40 foot addition to Pines Tavern (Tavern or Property).[1]  We affirm.[2]

Previously owned by Applicant's parents, the Tavern is located on an irregularly shaped lot at 6217 Radcliffe Street in Bristol Township's C Commercial zone.  In 1994, Applicant's parents applied for a variance from the setback

---

[1] The ZHB and Bristol Township join in Applicant's brief.

[2] The ZHB entered two decisions granting the application, the first without Robert Milner (Neighbor) and the second with him.  The second decision was the result of Neighbor's first land use appeal and the trial court's decision to remand the matter to the ZHB.  Following Neighbor's second land use appeal, the trial court deemed the first one to be moot in light of the ZHB's decision to permit Neighbor to participate.

requirements found in the Bristol Township Zoning Ordinance (Ordinance) for construction of a 22-by-44 foot addition to the existing structure to expand the kitchen facilities and add a take-out center. Robert Milner (Neighbor), who resides at 6304 Radcliffe Street three houses down from the Tavern but on the opposite side of the street, opposed the request. The trial court reversed the ZHB's decision to grant Applicant's parents' application, concluding that they "failed to present substantial evidence to support the [ZHB's] finding of undue hardship due to the irregular shape of the land and the necessity of a variance to enable the reasonable use of the property." (Trial Court's Decision 17, 2018, Op. at 2.)

In 2015, Applicant filed the instant application for dimensional variances under the Ordinance "to expand existing business." (*Id.*) In general, he proposed keeping the existing bar area and adding sit-down seating for seniors and families.[3] Specifically, he sought additional space to provide dry storage of food items due to flooding in the current storage area as required by the Bucks County Board of Health, to provide a separate and ADA-compliant dining area for the changed customer base, and to expand the kitchen to accommodate the change in business from a bar to a restaurant. (ZHB's July 27, 2017, Decision, Finding of Fact "F.F." No. 30; Reproduced Record "R.R." at 255-56.)

Turning to the specifics of the requested dimensional variances, Section 205-37 E.(2) of the Ordinance requires a minimum of fifteen feet for each side yard and Section 205-130.A requires a special setback of eighty feet for designated roadways, including Radcliffe Street. (R.R. at 364 and 447.) If granted, the variances "would result in a minimum side yard of 3 feet, 5.5 inches and a setback of 42 feet[,] 3 inches or less from Radcliffe Street." (Trial Court's Op. at 2.)

---

[3] Both sit-down restaurants and taverns are permitted as of right in the C Commercial District under Section 205-36 of the Ordinance. (Reproduced Record "R.R." at 361.)

2

In November 2015, the ZHB held a hearing at which Applicant and his architect testified. Neighbor was not afforded notice and did not appear at the hearing.[4] Subsequently, Neighbor filed a December 2015 land use appeal. In the interim, the ZHB issued a February 2016 decision granting Applicant's application. In February 2017, the trial court remanded the matter to the ZHB to address notice, Neighbor's outstanding request to participate, and the alleged res judicata effect of the prior decision on the current application.[5] As a result, the ZHB held three hearings at which both Neighbor and Applicant testified. Neighbor's complaints pertained to noise from traffic, music, and patrons. (ZHB's July 27, 2017, Decision, F.F. No. 34; R.R. at 256.)

In July 2017, the ZHB once again granted the application but with additional findings of fact and conclusions of law. In August 2017, Neighbor filed a second land use appeal. Without taking additional evidence, the trial court reversed the ZHB's decision. Applicant's appeal to this Court followed.

On appeal, we consider whether the ZHB erred in granting the application for dimensional variances. Where, as here, the trial court takes no additional evidence, we are limited to determining whether the ZHB committed an error of law or made findings of fact which are not supported by substantial evidence.

---

[4] Neighbor did not belong to any of the categories of persons outlined in Section 205-189 of the Ordinance to whom Applicant was required to provide written notice of a scheduled hearing. (ZHB's July 27, 2017, Decision at 5-6; R.R. at 256-57.)

[5] The trial court affirmed the ZHB's determination that res judicata was inapplicable, noting, *inter alia*, the passage of time, the non-identity of issues and parties, and the fact that the law applicable to unnecessary hardship for dimensional variances has changed. *See Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43 (Pa. 1998). The doctrine of res judicata in zoning cases generally will be applied very narrowly "because the need for flexibility outweighs the risk of repetitive litigation." *Callowhill Ctr. Assocs., LLC v. Zoning Bd. of Adjustment*, 2 A.3d 802, 809 (Pa. Cmwlth. 2010).

*Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43, 46 (Pa. 1998) (*Hertzberg*); *Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 (Pa. Cmwlth. 2018). Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. If the record contains substantial evidence, this Court is bound by the ZHB's findings that result from the resolution of credibility and conflicting testimony. *Pohlig Builders, LLC v. Zoning Hearing Bd. of Schuylkill Twp.*, 25 A.3d 1260, 1266 (Pa. Cmwlth. 2011). In other words, it is the ZHB's function to weigh the evidence before it and we may not substitute our interpretation. *Id*. "It is the function of the [ZHB] to determine whether the evidence satisfies the criteria for granting a variance." *Marshall v. City of Phila.*, 97 A.3d 323, 331 (Pa. 2014). However, this determination is a conclusion of law over which the courts exercise plenary review.

The five factors an applicant generally must demonstrate to establish entitlement to a use or dimensional variance are set forth in Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC).[6] They may be summarized as follows:

> a. unique physical conditions peculiar to the property have created an unnecessary hardship;
>
> b. those peculiar conditions make it impossible to develop the property in strict compliance with the ordinance and a variance is necessary to enable the reasonable use of the property;
>
> c. the applicant did not create the unnecessary hardship;
>
> d. the grant of the variance will not be detrimental to the public welfare; and

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

> e. the variance sought is the minimum variance that will afford relief and the least deviation from the ordinance provision at issue.

53 P.S. § 10910.2.

In *Hertzberg*, our Supreme Court, while generally applying the above criteria to dimensional variances, opined that, in certain circumstances, courts might employ a relaxed application of those factors when considering dimensional variances. The Court reasoned that dimensional variances differed significantly from use variances, because applicants seeking dimensional relief within an area where a use is permitted are "asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations." 721 A.2d at 47. Nonetheless, "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011). In addition, notwithstanding that an application is for a dimensional variance, "[t]he same criteria apply to use and dimensional variances," meaning that "[a]n applicant must still present evidence as to each of the conditions listed in the zoning ordinance, including unnecessary hardship." *Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015).

In accordance with the MPC, the ZHB considered the following pertinent standards from its Ordinance in considering Applicant's application for dimensional variances:

> (a) That the granting of the variance shall be in harmony with the general purpose and intent of this chapter and shall not be injurious to the neighborhood or otherwise detrimental to the public welfare.
>
> . . . .

5

(c) There must be proof of unique circumstances; that there are special circumstances or conditions, fully described in the findings, applying to the land or building for which the variance is sought, which circumstances or conditions are peculiar to such land or building and do not apply generally to land or buildings in the neighborhood, and that said circumstances or conditions are such that the strict application of the provisions of this chapter *would deprive the applicant of the reasonable use of such land or building*.

(d) There must be proof of unnecessary hardship. It is not sufficient proof of hardship to show that greater profit would result if the variance were granted. Furthermore, hardship complained of cannot be self-created; . . . it must result from the application of this chapter [the Ordinance].

(e) *That the granting of the variance is necessary for the reasonable use of the land or building and that the variance as granted by the [ZHB] is the minimum variance that will accomplish this purpose*.

(Section 205-186.C(2)(a) and (c)-(e) of the Ordinance; R.R. at 485-86)(emphasis added).

In determining that Applicant met the above factors, the ZHB found as follows:

17. In [the 1990s], [t]he . . . customer base consisted of blue-collar workers, most of whom worked at nearby industries and frequented the Property to consume alcohol after work.

18. During that time period, food made up only ten (10) percent of . . . sales.

19. During that time period, [the Tavern] had five or six menu items.

20. In the [2000s] and through today, [t]he . . . customer base includes families that live in the area and senior citizens from a nearby senior housing development who frequent the Property to dine with their families and their children.

21. Food sales now make up nearly 50% of . . . sales.

22. The . . . Tavern now has a four[-]page menu.

23. The dimensions of the . . . kitchen are the same as they were during the [1990s], namely 10 feet by 15 feet.

24. The . . . Tavern currently stores dry goods for food service in the basement . . . .

25. The basement is prone to flood due to the Property's proximity to the Delaware River.

26. The Bucks County Board of Health has required Applicant to store the dry goods for food service elsewhere.

(ZHB's July 27, 2017, Decision, F.F. Nos. 17-26; R.R. at 254-55.)

Accordingly, the ZHB rendered the following conclusions of law:[7]

25. Applicant has proven that the requested variance will not be contrary to the public interest and that hardship will result if it is not granted.

26. The granting of the variance will not be injurious to the neighborhood or otherwise detrimental to the public welfare.

27. Rather, the granting of the variance will enable Applicant to properly and safely operate [the Tavern] as a family restaurant.

. . . .

30. Applicant has proven unique circumstances in that the business . . . has substantially changed, essentially requiring the requested variance for modernization and for the reasonable use of the Property for a family restaurant.

31. Applicant has proven unnecessary hardship in that the lack of dry storage, the size of the kitchen[,] and the lack of a family dining room necessary to service Applicant's current customer base is [sic] creating an

---

[7] Applicant acknowledges that the doctrine of natural expansion is inapplicable to his appeal. (Applicant's Br. at 12 n.1.)  Accordingly, we do not address the ZHB's Conclusion of Law No. 28 pertaining to that doctrine.

7

unnecessary hardship and may be remedied by granting the Application.

32. Applicant cannot comply with the Bucks County Board of Health requirements concerning the storage of dry food goods in the current configuration.

33. The granting of the Application is necessary for the reasonable use of the Property and the building thereon as a family restaurant and the variance is the minimum variance that will accomplish this purpose.

. . . .

40. Applicant has proven hardship beyond economic considerations and the granting of the Application will allow the reasonable use of the Property.

(ZHB's July 27, 2017, Decision, Conclusions of Law "C.L." Nos. 25-27, 30-33, and 40; R.R. at 260-62.)

Like the MPC, the Ordinance requires that unique circumstances be "peculiar to such land or building and do not apply generally to land or buildings in the neighborhood . . . and that said circumstances . . . are such that the strict application of the [Ordinance] would deprive the applicant of the reasonable use of such land or building." (Section 205-186.C(2)(c) of the Ordinance; R.R. at 486.) The ZHB determined that the changed neighborhood, clientele, and need for modernization constituted unique circumstances warranting the variances for the reasonable use of the Property. However, the changed neighborhood was not peculiar to Applicant's land or building. In addition, notwithstanding the irregular shape of the lot, Applicant failed to establish unique physical circumstances attending and peculiar to the Property preventing him from continuing to make reasonable use of it as a bar.

Turning to the issue of unnecessary hardship, Section 205-186.C(2)(d) of the Ordinance provides that "[i]t is not sufficient proof of hardship to show that

8

greater profit would result if the variance were granted." (R.R. at 486.) In addition, the hardship complained of must result from the application of the Ordinance. (*Id*.) As noted, the ZHB determined that Applicant proved hardship *beyond* economic considerations. In so doing, it neither referenced any ordinance provisions nor found economic hardship. Nonetheless, it seemed to consider the potential for greater profit with the requested variances. However, there was no evidence that the Tavern could not continue to be viable as a bar. In addition, Applicant in his application asserted that the variances were necessary "to expand existing business." It is well established that a property that is too small to accommodate expansion of a permitted use in order to increase profitability does not constitute an unnecessary hardship warranting a dimensional variance. *E.g.*, *Soc'y Hill Civic Ass'n v. Phila. Zoning Bd. of Adjustment*, 42 A.3d 1178 (Pa. Cmwlth. 2012) (rejecting applicants' request for dimensional variance from loading space requirement where need for variance triggered by desire to expand use of property to maximize profitability). Notably, Applicant acknowledged that since he took over the Tavern from his parents, "[b]usiness [has been] okay." (April 13, 2017, ZHB Hearing, N.T. at 50; R.R. at 79.) Accordingly, the fact that greater profit could result if the variances were granted does not establish the requisite unnecessary hardship.

We turn next to the ZHB's determination that Applicant proved the requisite unnecessary hardship because he established hardship *beyond* economic considerations due to the changed neighborhood, clientele, and need for modernization. As an initial matter, the alleged hardship does not result from application of the Ordinance. Instead, the focus is on Applicant's personal wish to add the permitted use of a sit-down restaurant to the permitted use of the existing bar. Notably, *Hertzberg* does not stand for the premise that "a variance must be

9

granted from a dimensional requirement that prevents or financially burdens a property owner's ability to employ his property *exactly as he wishes*, so long as the use itself is permitted." *Yeager v. Zoning Hearing Bd. of the City of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis in original). "[A] substantial burden must attend all dimensionally compliant uses of the property, not just the particular use the owner chooses." *Id*. Here, adherence to the Ordinance simply imposes a burden on Applicant's desire to add additional sit-down seating. Accordingly, the ZHB erred in determining that Applicant's proof of hardship beyond economic considerations constituted the requisite unnecessary hardship.

With respect to the criterion that the requested variances be the minimum that would afford relief, there was evidence supporting the need for a new food storage area and ADA-compliant bathrooms. However, as noted by the trial court, Applicant did not establish that the variances requested were the minimum necessary to afford relief for those purposes. With respect to the frequently flooded food storage area, the ZHB found that "Applicant [could not] comply with the Bucks County Board of Health requirements concerning the storage of dry food goods in the current configuration." (C.L. No. 32; R.R. at 261.) However, Applicant avoided stating any precise dimensions for the proposed dry food storage area, characterizing the size as "kind of fluid." (N.T. at 45; R.R. at 74.) As for the family seating area and bathrooms, Applicant acknowledged that he considered numerous scenarios in making changes to the Tavern–some of which included converting the existing bar area into a sit-down restaurant and merely enlarging the existing bathrooms. (N.T. at 48-49; R.R. at 77-78.) However, even though he characterized his proposed plan as the best one, the record lacks evidence that the requested variances were the

10

minimum that would afford relief. Accordingly, the ZHB erred in determining that Applicant satisfied the "minimum relief" criterion.

In conclusion, the requested variances do not constitute a reasonable adjustment of the zoning regulations necessary in order to use the Property consistently with the applicable regulations. *Hertzburg*, 721 A.2d at 47. We agree with Applicant and the ZHB that the proposed changes would not be detrimental to the public welfare, but rather would be beneficial to the neighborhood. However, we do not have discretion to ignore the strict requirements of the MPC, even for a good cause. Applicant is making reasonable use of the Property as it is, even though the limited seating for seniors and families seemingly makes it less profitable and, although he has established the need to make certain changes for health and ADA compliance reasons, he has not shown that these changes require the extensive modification of dimensional requirements requested.

Accordingly, we affirm.[8]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[8] Given our determination that the ZHB erred in concluding that Applicant met three of the requisite criteria necessary for the dimensional variances, we need not address public detriment as it relates to any parking concerns.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Milner                           :
                                        :
                v.                      :       No. 62 C.D. 2019
                                        :
Bristol Township Zoning                 :
Hearing Board                           :
                                        :
Appeal of: Lawrence P. Warren           :

## **O R D E R**

AND NOW, this 12th day of December, 2019, the order of the Court of Common Pleas of Bucks County is hereby AFFIRMED.

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge