IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Doris Glaberson and :
Arnold Glaberson, :
               Appellants :
  :
           v. :
  :
Abington Township Zoning : No. 332 C.D. 2018
Hearing Board : Argued: December 13, 2018


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: January 14, 2019


         Doris and Arnold Glaberson (together, Landowners) appeal from the February 9, 2018 order of the Court of Common Pleas of Montgomery County (trial court) which affirmed the decision of the Abington Township Zoning Hearing Board (Board) denying Landowners a dimensional variance. We affirm.

         Landowners own and reside at property located at 1777 Melmar Road, Huntingdon Valley (Property), which is located in the R-1 Residential District in Ward No. 2 of the Township of Abington (Township). Board Opinion at 1, Board's Findings of Fact (F.F.) 1-2. Landowners filed an application with the Board requesting a dimensional variance from Section 301.3 of the Township zoning ordinance in order to construct a carport that would encroach 15 feet into the side

yard of the Property. Section 301.3 requires a 20-foot side yard. F.F. 7. Thus, Landowners propose to use three-quarters of the required side yard setback to construct the carport, and only a five-foot side yard setback would remain.[1] The Board held a hearing on Landowners' variance request. Board Opinion at 1.

At the hearing, Mr. Glaberson testified that he has a disability that sometimes makes it difficult for him to maintain his balance and to climb steps. F.F. 8. He stated he would like to construct the carport to allow easier access to his vehicle in inclement weather. *Id.* The carport would allow Mr. Glaberson to enter his Property at grade level. Reproduced Record (R.R.) at 76a. Mr. Glaberson explained that the existing attached two-car garage presently only accommodates one car because he previously constructed a room in a portion of the garage when Landowners' five children were living at home. R.R. at 91a & 95a; *see* F.F. 10. Mr. Glaberson stated that the children no longer live there, but he has not removed the room and restored the garage to its original purpose. F.F. 11. Mr. Glaberson offered into evidence medical reports from his treating physicians to document his medical condition and stated that the carport would make it easier for him to move around. R.R. at 83a-84a.

Landowners also offered the testimony of their architect. The architect testified that the carport would be designed for one car. R.R. at 103a. He stated that the carport would go out 15 feet from the existing improvement on the property and that it would be 14 feet on the inside, with 9 feet designated for the parking space and 5 feet for the aisle. R.R. at 102a-03a. The architect opined that the carport would eliminate a lot of the weather issues that bother Mr. Glaberson when he gets into his car. R.R. at 118a. The architect testified that building a ramp within the

---

[1] The Board points out that even in the highest density residential zoning district, the R-4, the required setback is 10 feet. Board's Brief at 4 (citing Township Zoning Ordinance § 304.3).

home's existing garage was not a feasible alternative to the carport. R.R. at 105a-06a.

Landowners' immediate neighbor testified in support of the variance. *See* R.R. at 129a-30a. However, several other neighbors testified in opposition to the variance. One of the neighbors testified that Landowners' house was built with a two-car garage and that one of the reasons that the two-car garage cannot be used by Mr. Glaberson is because over half of it was made into a sitting/entertainment room. F.F. 18; R.R. at 123a. A neighbor directly across the street from Landowners testified that he opposed the variance required because it is out of character with the neighborhood. F.F. 20; *see* R.R. at 131a-32a. He stated that he was opposed to compromising the setback because this neighborhood contains the more prestigious and nicely developed lands in the Township. F.F. 21; R.R. at 132a. He also stated that Landowners would not need the variance if they removed the room in the existing two-car garage that Landowners constructed by choice to get away from their children. F.F. 22; R.R. at 132a-33a. Another neighbor across the street testified that she was opposed to the variance because it would affect the neighborhood's sense of wide open space and compromise property values, in addition to being generally out of character with the neighborhood. F.F. 23; R.R. at 134a-35a.

On August 18, 2016, the Board issued a decision denying Landowners' variance request. In its opinion, the Board found that Landowners failed to establish a hardship. Board's Conclusions of Law (C.L.) 3 & 5. The Board also concluded that Landowners presently have reasonable use of the property, that the requested relief is not the minimum relief required and that granting the variance application would adversely affect the health, safety and welfare of the neighborhood. C.L. 1-2 & 4.

3

Landowners filed a timely appeal with the trial court. *See* R.R. at 2a & 5a-7a. Without taking any additional evidence, the trial court affirmed the Board's order.

Landowners then timely appealed to this Court, raising three issues for our consideration.[2] First, Landowners argue that they are entitled to a dimensional variance under the standard set forth in *Hertzberg v. Zoning Board of Adjustment of Pittsburgh*, 721 A.2d 43 (Pa. 1998). Landowners contend that the variance would allow them to construct a carport which would allow Mr. Glaberson to enter and leave his home at grade level to accommodate his physical disability. Landowners contend that they presented uncontradicted testimony that this is the only location for the carport. They also contend that the variance is necessary because their lot is nonconforming as to frontage and size; the lot is undersized, being one-half acre compared to most of the lots in the area which are one acre. Landowners contend that the implication of the Board's decision and neighbors' testimony is that they must redesign their house and rip out the room they installed in the garage some 30 years ago. Landowners also challenge the neighbors' testimony concerning the character of the neighborhood and property values and argue there is no evidence to support the Board's finding that the proposed carport would adversely affect the public health, safety and welfare. Landowners also challenge the Board's conclusion that the requested variance is not the minimum that will afford relief, arguing that the Board tried to redesign the proposal by suggesting a lift or ramp and improperly found that the proposed carport was not a one-car carport.

---

[2] Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the Board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

4

Second, Landowners argue that the Board's decision constitutes an error of law and an abuse of discretion because its findings of fact and conclusions of law are not supported by the evidence. Finally, Landowners also argue that the Americans with Disabilities Act[3] (ADA) and the Fair Housing Amendments Act of 1988 (FHA)[4] require that the Board grant the dimensional variance.

Addressing Landowners' ADA and FHA argument first, we conclude that Landowners did not raise this argument before the Board or the trial court. *See* Board Hearing Transcript, R.R. at 72a-138a; Notice of Land Use Appeal, R.R. at 5a-7a; Amended Notice of Land Use Appeal, R.R. at 17a-20a. Although Landowners' architect testified before the Board concerning whether the dimensions of the parking space would be ADA compliant and whether an ADA-compliant ramp could be constructed, Landowners never argued that the ADA requires granting the dimensional variance. *See* R.R. at 118a-19a. Consequently, Landowners have waived this argument, and we will not address it.[5] *See Teazers, Inc. v. Zoning Bd. of Adjustment of City of Phila.*, 682 A.2d 856, 859 (Pa. Cmwlth. 1996) (ruling that where applicant never raised argument before zoning board and attempted to raise issue for first time on appeal to the trial court, issue was waived); *Dehus v. Unemployment Comp. Bd. of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988) (stating

---

[3] 42 U.S.C. §§ 12131–12165.

[4] 42 U.S.C. §§ 3601–3631.

[5] Although Landowners' trial court brief argued this issue, *see* Landowners' trial court brief at 9-10, there is nothing to indicate that Landowners sought permission from the trial court to raise this argument for the first time on appeal. *See Segal v. Zoning Hearing Bd. of Buckingham Twp.*, 771 A.2d 90, 94 (Pa. Cmwlth. 2001) (stating, "[i]n zoning cases, a new and different theory may not be advanced for the first time on appeal without the permission of the common pleas court").

5

a party waives review of an issue by failing to raise it at the earliest possible opportunity).

Turning to Landowners' argument regarding their entitlement to a dimensional variance, the Pennsylvania Municipalities Planning Code (MPC)[6] provides that a zoning board may grant a variance where it finds the applicant has established *all* of the following conditions:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
(3) That such unnecessary hardship has not been created by the [applicant].
(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.
(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

6

Section 910.2 of the MPC, added by the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a).[7]

Where, as here, we are faced with a dimensional variance, our Supreme Court has articulated a more relaxed standard for granting a variance. Under this relaxed standard, when addressing the element of unnecessary hardship, "[c]ourts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg*, 721 A.2d at 50. Although *Hertzberg* eased the requirements for a variance, it did not remove them. *Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015). Despite the more relaxed standard set forth in *Hertzberg*, it is still the case that "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011). Further, although *Hertzberg* sets forth a more relaxed standard for a dimensional variance, it does *not* stand for the proposition that "a variance must be granted from a dimensional requirement that prevents or financially burdens a property owner's ability to employ his property *exactly as he wishes*, so long as the use itself is permitted."

---

[7] It appears the trial court believed that the Board found that Landowners established the unique physical condition needed for a variance. *See* Trial Court Opinion at 4 (stating that the Board acknowledged that Landowners "have an undersized lot" but that the Board determined that they "did not establish any of the remaining four elements"). This is incorrect because the Board found that there was no hardship and the Property was not unique. *See* F.F. 27-28, C.L. 3. In any event, here, we are reviewing whether the Board committed an error of law or "a manifest abuse of discretion. *See Valley View*, 462 A.2d at 693. Further, this court may affirm the decision of the trial court on any grounds. *Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 n.1 (Pa. Cmwlth. 2015).

7

*Yeager v. Zoning Hearing Bd. of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis in original); *see also Singer*, 29 A.3d at 150 (stating that to establish unnecessary hardship for a dimensional variance, an applicant must demonstrate something more than a mere desire to develop a property as he or she wishes).

Here, the Board concluded that Landowners failed to establish a hardship. F.F. 28; C.L. 3. Despite the Property's half-acre size, the Board found that the situation is not unique to Landowners' Property and that other neighboring properties have similar situations.[8] This finding is supported by substantial evidence. In fact, Landowners' architect admitted that there are other undersized lots in the development. R.R. at 122a. He clarified that he "didn't say it was the only one" and that he "said it is one of the smaller lots in the development." *Id.* Further, the situation is not unique *to the Property*. Rather, to the extent there is uniqueness, it is a result of Mr. Glaberson's personal situation. While we are not unsympathetic to his situation, where the claimed hardship is personal to the applicant and does not arise from the physical conditions of the property, there is no hardship. *See McEwen v. Zoning Hearing Bd. of Sadsbury Twp.* (Pa. Cmwlth., No. 941 C.D. 2015, filed Jan. 5, 2016), slip op. at 17 (ruling that applicant was not entitled to dimensional variance to construct attached garage on his nonconforming residential lot, in part, because owner's wife's disability was not a hardship peculiar

---

[8] While Landowners contend that their lot is nonconforming as to size and width with respect to frontage setback, Landowners' Brief at 8 & 11, at argument, the Board clarified that Landowners' Property is located in the cluster development overlay, so, in actuality, the one-half acre is not a nonconformity. Our result would not differ, however, based on whether it is nonconforming because of other factors that will be discussed.

8

to the property).[9]  A variance "is appropriate only where the *property*, not the person, is subject to hardship."  *Yeager*, 779 A.2d at 598 (emphasis in original) (internal quotation marks and citation omitted).  Consequently, we must conclude that the Board did not err when it determined that Landowners did not establish a hardship entitling them to a variance.

Additionally, Landowners do not need the variance to construct the carport in order to make reasonable use of the Property, as they are already doing so. Landowners' Property is improved with their residence, which includes a two-story addition, along with what originally was a two-car attached garage, which presently accommodates one and the remainder of which has been converted to living space. *See* F.F. 10; R.R. at 91a, 95a, 99a & 102a.  Further, Landowners' architect testified that the improvements, which he described as a two-story residence with an attachment in the rear and a gazebo, are all located within the setback.  R.R. at 99a. Consequently, the Board did not err or abuse its discretion in concluding that the variance is not necessary to enable Landowners to have the reasonable use of the Property.  *See Yeager*, 779 A.2d at 598 (noting the property was well-suited to the purpose for which it was zoned and actually used).  For this reason as well, Landowners have not met their burden to establish that they are entitled to a variance.

An applicant must establish all elements necessary for a variance.  *See* 53 P.S. § 10910.2(a).  Because Landowners failed to establish the necessary hardship and because they presently have reasonable use of the Property, they have failed to

---

[9] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value.  Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

sustain their burden to establish that they are entitled to a variance. Therefore, we need not address any of their arguments as they relate to the remaining elements for a variance.[10]

Accordingly, for the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Landowners also argue that the hardship is not self-inflicted. Additionally, Landowners challenge the findings concerning whether the variance would adversely affect the health, safety and welfare of the community and whether the variance is the minimum necessary to afford relief. Landowners argue that the Board impliedly required them to deconstruct their extra room in the garage, which they are not legally required to do, and that the alternatives suggested by the Board and the neighbors (*i.e.*, installing a ramp, chair lift or stair glide in the garage) are not feasible. They also challenge the Board's finding that Mr. Glaberson testified that he does not want to remove the room in the garage. They also allege error because the Board found that the carport was for 1½ to 2 cars rather than a one-car carport. The Board never made an express finding, nor did it conclude, that the alleged "hardship" was self-created. Additionally, even assuming, without deciding, that the challenged findings were in error, our result would be the same. None of these arguments affect the conclusions that any "hardship" is personal to the applicant and that Landowners presently have reasonable use of the Property.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Doris Glaberson and                         :
Arnold Glaberson,                           :
                    Appellants          :
                                :
            v.                          :
                                :
Abington Township Zoning                    :      No. 332 C.D. 2018
Hearing Board                               :

# O R D E R

AND NOW, this 14th day of January, 2019, the February 9, 2018 order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge