Ruth L. Kneebone,                          :
             Appellant          :
                           :
          v.          :
                           :
Zoning Hearing Board of the          :
Township of Plainfield and          :   No. 807 C.D. 2019
Patrick Lutz and Pamela Lutz          :   Submitted: May 12, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: July 9, 2020

Ruth L. Kneebone (Appellant) appeals the June 7, 2019 order of the Court of Common Pleas of Northampton County (Trial Court) that affirmed the decision of the Plainfield Township Zoning Hearing Board (Board) granting the request of Patrick and Pamela Lutz (Intervenors) for a dimensional variance from the setback requirements applicable to their backyard for the purpose of constructing a covered deck and stairway attached to their dwelling. Upon review, we reverse.

Intervenors own a property located at 5735 Kesslersville Road in Plainfield Township, Northampton County (Property). *See* Trial Court's Opinion of the Court dated June 7, 2019 (Trial Court Opinion) at 1. On June 22, 2018, Intervenors filed a zoning permit application with Plainfield Township seeking to construct a new deck on the Property. *See* Trial Court Opinion at 1-2; *see also*

Zoning/Building Permit Application dated June 22, 2018 (Zoning Permit Application), Reproduced Record (R.R.) at 3a-9a. Plainfield Township's Zoning Officer denied the application because the proposed new deck did not comply with Section 27-305.7 of the Plainfield Township Zoning Ordinance, which requires a 50-foot setback from a rear property line for single-family detached dwellings located within Plainfield Township's Farm and Forest Zoning District, in which the Property is situated. *See* Trial Court Opinion at 2; *see also* Zoning Permit Application, R.R. at 8a; Letter from Plainfield Township Zoning Officer to Intervenors dated July 17, 2018 (Zoning Denial Letter), R.R. at 24a. In denying the Zoning Permit Application, Plainfield Township's Zoning Officer advised Intervenors that their proposed deck project would require a dimensional variance. *See* Trial Court Opinion at 2; *see also* Zoning Permit Application, R.R. at 8a; Zoning Denial Letter, R.R. at 24a.

Following the denial, Intervenors filed with the Board a request for a dimensional variance from the rear-yard setback to allow for the construction of the proposed deck. *See* Application for Hearing and Request for Variance dated July 8, 2018 (Variance Application), R.R. at 26a-31a. The Board held hearings on the Variance Application on September 11, 2018 and October 4, 2018. *See* Notes of Testimony dated September 11, 2018 (N.T. 9/11/2018); Notes of Testimony dated October 4, 2018 (N.T. 10/4/2018). On November 15, 2018, the Board granted the Variance Application. *See* Board Opinion dated November 15, 2018 (Board Opinion). In its written opinion, the Board concluded that the dimensions of Intervenors' lot created a hardship relative to the Property that justifies relief, the proposed 18.3-foot intrusion into the rear-yard setback presents no detrimental effect to the surrounding properties and will not have a detrimental effect on the

2

neighborhood, and the grant of the requested dimensional variance will be the minimum variance to afford relief. *See* Board Opinion at 9.

Appellant appealed to the Trial Court, arguing that the Board committed an error of law and an abuse of discretion in granting the Variance Application. *See* Notice of Appeal, R.R. at 114a-15a.[1] Without taking additional

---

[1] The Notice of Appeal stated six separate contentions of Board error as follows:

The grant of the variance by the Zoning Hearing Board of the Township of Plainfield was arbitrary, capricious, an abuse of discretion, and contrary to the law in that:

A. There was an absence of legally sufficient testimony concerning the existence of a hardship.

B. There was an absence of any testimony that the property could not be developed in strict conformity to the ordinance without the grant of a variance.

C. There was an absence of any testimony a variance was necessary to enable the reasonable use of the property when in fact a reasonable use of the property was already being made by the applicants.

D. The Board failed to conclude that the alleged hardship was in fact created by the [Intervenors] in that they chose to build such a large addition to their home causing there to be insufficient space to tack on the additional structures such as a roofed deck, patio and the steps without the need for a variance.

E. The Board failed to conclude that the proposed size of this home together with the roofed deck was out of character with the immediate homes in the neighborhood.

F. There was insufficient evidence before the Board for it to conclude that the variance was the minimum variance necessary to afford relief and represented the least modification of the regulation in issue.

testimony or evidence, on June 7, 2019, the Trial Court entered its opinion and order affirming the Board. *See* Trial Court Opinion at 11-12 & Order of Court. Appellant timely appealed to this Court.

On appeal to this Court,[2] Appellant argues that the Trial Court erred in affirming the Board because Appellant claims the Board committed an error of law and abused its discretion in granting the Variance Application. *See* Appellant's Brief at 3 & 8-22. Specifically, Appellant claims the Board erred because: (1) the Property was not unique; (2) a variance was not necessary to make a reasonable use of the Property; (3) Intervenors created the alleged hardship; (4) the variance would be out of character with the existing neighborhood and detrimental to adjacent landowners; (5) the evidence was insufficient to prove that the requested variance was the minimum relief necessary; and (6) the Board applied inappropriate standards in making its determination on the Variance Application. *Id.*

As this Court has explained, "[a] variance is an extraordinary exception and should be granted sparingly[.]" *Heisterkamp v. Zoning Hearing Bd. of City of Lancaster*, 383 A.2d 1311, 1314 (Pa. Cmwlth. 1978). The Pennsylvania Municipalities Planning Code[3] (MPC) provides that a zoning hearing board may

---

Notice of Appeal at 2, R.R. at 115a. In her brief to the Trial Court, Appellant distilled these complaints to present the following single question: "Did the Zoning Hearing Board commit an error of law and abuse its discretion in granting the rear setback variance?" Trial Court Opinion at 5.

[2] Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the Board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

grant a requested variance where it finds that an applicant has established the following conditions:

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
>
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) That such unnecessary hardship has not been created by the [applicant].
>
> (4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.
>
> (5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Section 910.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a).

Where, as here, we are faced with a dimensional variance as opposed to a use variance, our Supreme Court has articulated a more relaxed standard for granting a variance requiring a lesser quantum of proof. Under this relaxed standard, when addressing the element of unnecessary hardship, "[c]ourts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, 721 A.2d 43, 50 (Pa. 1998). However, "[a] variance, whether labeled dimensional or use, is appropriate only where the *property,* not the person, is subject to hardship." *Yeager v. Zoning Hearing Bd. of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (quoting *Szmigiel v. Kranker,* 298 A.2d 629, 631 (Pa. Cmwlth. 1972)) (emphasis in original). Further, a conflict between dimensional zoning requirements and a landowner's personal preference regarding property use alone does not create a hardship meriting a variance. *Yeager*, 779 A.2d at 598 (denial of dimensional variance affirmed where appellant proved "nothing more than that adherence to the [applicable zoning] ordinance imposes a burden on his personal desire to sell vehicles for [a specific automaker]").

Additionally, in zoning matters, "determinations as to the credibility of witnesses and the weight to be given to evidence are matters left solely to the [Board] in the performance of its factfinding role." *Pennsy Supply, Inc. v. Zoning Hearing Bd. of Dorrance Twp.*, 987 A.2d 1243, 1248 (Pa. Cmwlth. 2009) (internal brackets omitted). Further, "the Board has the power to reject even uncontradicted testimony if it finds it lacking in credibility[.]" *Lower Allen Citizens Action Grp., Inc. v. Lower Allen Twp. Zoning Hearing Bd.*, 500 A.2d 1253, 1258 (Pa. Cmwlth. 1985).

6

Moreover, the determination of whether an applicant adduces evidence sufficient to allow a zoning hearing board to grant a dimensional variance is the function of the zoning hearing board and will not be overturned on appeal unless it is not supported by substantial evidence. *In re Towamencin Twp.*, 42 A.3d 366, 370 (Pa. Cmwlth. 2012).

At the September 11, 2018 hearing in this matter, Intervenors' attorney explained to the Board that the dimensional variance sought by Intervenors for the construction of the proposed deck and stairway amounted to an 18-foot intrusion into a 50-foot rear-yard setback, leaving 32 feet of setback to the rear lot line. N.T. 9/11/2018 at 14, 17. Additionally, Adam Pooler, the general contractor hired by Intervenors to construct an addition to their home as well as the proposed new deck, testified at the hearing. Pooler testified that the Property's lot is a preexisting half-acre lot that would not have been allowed under current zoning regulations. N.T. 9/11/2018 at 5-6 & 10. He acknowledged the Property's rear yard 50-foot setback per the zoning requirements. *Id.* at 7. Pooler explained that the house addition would not encroach at all into the rear-yard setback, but confirmed an 18-foot setback encroachment that would result from construction of the proposed deck. *Id.* at 7-8. Pooler testified that the rear yard of the Property abuts a 130-acre farm. *Id.* at 7. Pooler further explained that a previous deck and an above-ground pool had been removed to make way for the proposed new deck, and that the previous deck and pool had encroached into the rear-yard setback. *Id.* at 9-10.

Pooler also testified that, given the physical constraints and the size of the Property's lot, Intervenors cannot comply with the rear-yard setback and still construct the current deck design, which Pooler felt represents the minimum design size possible for the deck to be functional. N.T. 9/11/2018 at 10-11. Regarding

whether the requested variance would alter the essential character of the neighborhood, Pooler explained:

> Only for the better, in my opinion, updating the house. It's definitely going to be a lot more curb appeal and we're going out to the back where really the only neighboring property would be to the right and to the left. I don't see how that could negatively impact them.

N.T. 9/11/2018 at 10.

Appellant's son, Jeffrey Kneebone, also gave testimony before the Board on September 11, 2018. Jeffrey Kneebone read into the record a statement from his mother, Appellant, who owns the home/property adjacent to the Property. *See* N.T. at 26-28. In her statement, Appellant explained that she felt that Intervenors' proposed addition and deck beyond the 50-foot setback would be too large and intrusive to her property, and that the addition and deck would change the nature of her home, her backyard, and the backyards of other current residents. *Id.* at 27-28.

When the hearing resumed on October 4, 2018,[4] Intervenors' attorney explained that a completed survey of the Property had revealed that Intervenors' proposed deck and stairs were to be located 31.7 feet from the rear-yard setback. N.T. 10/4/2018 at 4. Counsel reminded the Board that the primary addition of the house is located within a building envelope that does not encroach on the 50-foot setback, that only the proposed deck will encroach on the setback, and that the land situated behind the Property is a large farm. *Id.* at 5-6.

---

[4] On September 11, 2018, the Board continued the hearing until October 4, 2018 to allow Intervenors to have a survey of the Property done to address certain of Jeffrey Kneebone's concerns regarding the accuracy of the contractor's design drawings. N.T. 9/11/2018 at 33.

Pooler also testified on October 4, 2018, and again explained that the proposed new deck is to be constructed on the location where a deck and an above-ground pool were previously situated. N.T. 10/4/2018 at 7 & 15-16.

Jeffrey Kneebone appeared again on October 4, 2018 on behalf of his mother and explained once more that his mother's objection was that Intervenors' house would be too large with the addition and the deck. N.T. 10/4/2018 at 12-15.

In addition to the testimony, the Board also accepted into evidence a deed to the Property, multiple photographs depicting the Property and the extent of the proposed addition and new deck, and a topographical survey of the Property prepared by Intervenors' contractor. *See* Hearing Exhibits A-1 through A-7, R.R. at 94a-102a.

Based on this evidence, the Board made the following pertinent factual findings and conclusions of law:

> 55. The Board finds after review of the matter, that due to the undersized dimensions of the lot, compliance with the dimensional requirements for setbacks create a hardship, relative to this property.
>
> 56. The Board further finds that an 18.3' intrusion into the rear[-]yard setback, when the property immediately behind the subject property is a 130-acre farm, presents no detrimental effect to the surrounding properties.
>
> 57. It is noted that the immediate neighbor to the subject property testified against the proposed additions to the subject dwelling; however most of the improvements objected to are within the allowed building envelope; and it is only the rear deck and rear patio that is the subject of tonight's application.
>
> 58. The Board finds that the allowance of the rear deck and patio will not have a detrimental effect on the

9

neighborhood by the intrusion into the rear[-]yard setback by 18.3'.

59. The Board finds that the unique physical characteristics of having open farmland directly behind the property, coupled with the fact that the lot in question is a small lot of record in the Farm and Forrest District, are sufficient[,] unique characteristics to justify relief.

60. Lastly, the Board finds that the variance, if authorized, will not be detrimental to the neighborhood, and will be the minimum variance to afford relief.

Board Opinion at 9.

On appeal, the Trial Court reviewed the record and the determined that the Board did not abuse its discretion and that the Board's conclusions were supported by substantial evidence. *See* Trial Court Opinion at 11. The Trial Court found:

> The Board concluded that Intervenors have established that unique physical circumstances or conditions exist with respect to the Property. Specifically, the exhibits and testimony revealed that open farmland exists directly behind the Property, and also that the Property's lot is undersized which creates a hardship. The Board heard testimony that this hardship is due to the pre-existing dimensions of the Property. The Board made a specific finding that the proposed encroaching structure will be located in the center of the Property and that it meets the side[-]yard setbacks of the Ordinance. Also, the Board specifically found that there are no adjacent buildings or dwellings located in the immediate area behind Intervenors' property. The only improvements that would create any intrusion into the rear[-]yard setback are the rear deck and rear patio, and the Board concluded that this 18.3' intrusion presents no detrimental effect to the surrounding properties.

10

The testimony presented to the Board, which supports these conclusions, includes testimony from Mr. Pooler that the setback requirements could not be met because of the existing location of the house on the lot and because there is limited available space to the rear of the lot. Also, Mr. Pooler opined in his testimony that because the land behind the Property is all open farmland, the intrusion into the rear[-]yard setback by approximately eighteen feet (18') would not be detrimental to the neighborhood, nor adversely affect any surrounding properties. In addition, Mr. Pooler stated that the variance, if granted, would be the minimum variance to afford relief.

Trial Court Opinion at 10-11 (internal citations omitted). Ultimately, the Trial Court determined that "the Board's decision to grant a dimensional variance to the Intervenors was soundly based upon substantial evidence which supports the conclusions of the Board." *Id.* at 11.

After our own review of the record and the evidence presented, we do not agree with the Trial Court's assessment that substantial evidence supports the Board's conclusions. Specifically, we do not agree that Pooler's testimony – the only evidence of hardship put forth by Intervenors – established that the size and configuration of the Property created a hardship requiring the granting of a dimensional variance to allow Intervenors to enjoy reasonable use of the Property. At best, Pooler's testimony established that Intervenors' lot was small compared to other lots in the area or lots that would be allowed under current zoning provisions. While Pooler's testimony evidences Intervenors' preference to build a deck of a certain size, it does not represent substantial evidence of a hardship requiring a variance to build to Intervenors' preferences. Some lots are smaller than others. Owning the smallest lot in a development does not, in itself, create a hardship

11

triggering an automatic right of a landowner to a variance to encroach upon setbacks established by local zoning. Coupling a small lot with an owner's preference for a deck larger than what local zoning permits does not transform a small lot into one burdened by a hardship. Likewise, Pooler's testimony that the new deck design represented the minimum design size possible for the deck to be functional, or that the requested variance represented the minimum variance to afford Intervenors relief with the least possible modification of the existing setback requirement, does not convert Intervenors' preference into a hardship or substantial evidence thereof. *See* Section 910.2 of the MPC, 53 P.S. § 10910.2(a); *Hertzberg*; *Yeager*. Accordingly, we find the Board erred in granting the Variance Application, and the Trial Court in turn erred in affirming the Board.

For these reasons, we reverse the Trial Court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruth L. Kneebone,            :
          Appellant    :
                            :
      v.                :
                            :
Zoning Hearing Board of the  :
Township of Plainfield and    :   No. 807 C.D. 2019
Patrick Lutz and Pamela Lutz :

## O R D E R

AND NOW, this 9th day of July, 2020, the June 7, 2019 order of the Court of Common Pleas of Northampton County is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge